UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| ORLANDO MALONE, | ) |
|---|---|
| Plaintiff, | ) |
| | ) No.: 1:22-CV-61-TRM-CHS |
| v. | ) |
| CARL F. PETTY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, an inmate in the custody of the Tennessee Department of Correction, is proceeding pro se in a civil rights action under 42 U.S.C. § 1983 and the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)[1] (Doc. 1). Plaintiff has also moved for the appointment of counsel in these proceedings (Doc. 9). For the reasons set forth below, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted and as legally frivolous, and his motion for appointment of counsel will be denied as moot.

**I.  PLAINTIFF'S ALLEGATIONS**

On May 22, 1998, Plaintiff was arrested on felony charges, and he was ultimately convicted by a Bradley County, Tennessee jury and sentenced to life imprisonment plus twenty years. (*See* Doc. 1, at 21–136.) Plaintiff contends that Defendants have violated a host of his state, federal, and constitutional rights by falsifying records and illegally detaining and prosecuting him as part

---

[1] Plaintiff has named both federal and state actors as Defendants. A *Bivens* action governs violations by persons acting pursuant to federal law and is analogous to § 1983, which governs actions against persons acting under state law. *See, e.g., Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citing *Butz v. Economou*, 438 U.S. 478, 504 (1978)).

of a conspiracy. (*See id*. at 21–143.) He also claims that he was not timely indicted on the charges, that the indictments fail to contain sufficient facts to constitute an offense against the United States and/or one punishable by death, and that the indictments do not contain the authorized signatures of federal authorities. (*Id*. at 104, 105, 108.) Plaintiff also appears to argue that, since he was indicted on felony charges, he should have been charged in federal court. (*Id*. at 142–43.) Alleging that he was charged and convicted in state court in violation of various laws, Plaintiff contends that he is entitled to have his indictment dismissed and convictions vacated. (*Id*. at 124, 141–43.)

Plaintiff claims damages in excess of $300 million and asks the Court to vacate the sentences and convictions entered by the state court and discharge him from custody. (*Id*. at 145, 147, 189–90).

## II. STANDARD OF LAW

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a "less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

2

### III. ANALYSIS

Plaintiff's Complaint and supporting documents, which unnecessarily span 225 pages, are replete with citation and legalese that require the Court to scavenge for any factual basis for Plaintiff's claims. Despite Plaintiff's intractable accusations, however, the Court finds it apparent that he is not entitled to the sought relief.

A civil rights action under § 1983 is an improper vehicle to seek exoneration or release from prison; such relief must be sought via habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."). Additionally, Plaintiff cannot obtain monetary damages in a § 1983 action based on his incarceration without first demonstrating that his convictions and/or sentences have been reversed or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding plaintiff must demonstrate unlawfulness of his conviction or confinement prior to pursue § 1983 suit challenging criminal judgment). Plaintiff has not demonstrated that his convictions or sentences have been invalidated, and, therefore, claims based on Plaintiff's current incarceration must be dismissed for failure to state a claim upon which relief may be granted and as frivolous. *See Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (affirming district court judgment that *Heck*-barred claim fails to state a claim and is frivolous). Because the Court finds that this action should be dismissed, Plaintiff's motion for the appointment of counsel in these proceedings will be denied as moot.

### IV. CONCLUSION

For the reasons set forth above, it is **ORDERED**:

1. Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted and as legally frivolous;

2. Plaintiff's motion for the appointment of counsel (Doc. 9) is **DENIED AS MOOT**; and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**